UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| Nathan Barns, Susannah Kilpatrick, and Darren Kilpatrick, | Case No. 2:22-CV-02433-HLT-KGG |
| Plaintiffs, | |
| v. | **ANSWER** |
| Lawrence Payne and Patricia Payne, | |
| Defendants. | **JURY TRIAL** |

Defendants Lawrence and Patricia Payne (collectively, the "Paynes" or "Defendants"), for their Answer to the Complaint filed by Plaintiffs, deny all allegations in Plaintiffs' Complaint unless specifically admitted herein, and further state as follows:

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1. (All references herein to paragraphs are to the 118 paragraphs in Plaintiffs' Complaint.)

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

3. Defendants admit the allegations in paragraph 3.

4. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4.

5. As to the allegations in paragraph 5, Defendants admit that venue is proper in this district but deny that there were any events or omissions giving rise to a valid claim.

6. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7. Defendants lack information to form a belief as to the truth of the allegations in paragraph 7.

8. Defendants lack information to form a belief as to the truth of the allegations in paragraph 8.

9. Defendants admit the allegations in paragraph 9.

10. Defendants admit the allegation in paragraph 10.

11. Defendants admit that Lawrence Payne earned the Bodybuilding Lightweight World Champion title in 2011 but deny the other allegations in paragraph 11.

12. Defendants deny the allegations in paragraph 12, and further deny that the referenced allegation is in any way relevant to the issues in this lawsuit.

13. Defendants admit the allegations in the first sentence of paragraph 13 and admit that Mr. Payne pled guilty and paid a fine. Defendants deny the other allegations in this paragraph and further deny that the allegations are in any way relevant to the issues in this lawsuit.

14. Defendants admit that they founded Hardbody Supplements, LLC in 2016, that it is a dietary supplement company, and that it offers protein powders and pre-workout mixes, along with many other products, but denies the other allegations in paragraph 14.

15. Defendants deny the allegations in paragraph 15.

16. Defendants admit the allegations in paragraph 16.

17. As to the allegations in paragraph 17, Defendants admit that they executed an operating agreement on October 21, 2016 and that it provided that they would each own 50% of the Units of the Company. Defendants deny the other allegations in this paragraph.

18. Defendants deny the allegations in paragraph 18.

19. Defendants deny the allegations in paragraph 19.

20. Defendants admit that Mr. Barns visited them and reviewed books and financial information but deny the other allegations in paragraph 20.

21. Defendants deny the allegations in paragraph 21.

22. Defendants deny the allegations in paragraph 22.

23. Defendants deny the allegations in paragraph 23.

24. Defendants deny the allegations in paragraph 24.

25. Defendants deny the allegations in paragraph 25.

26. As to the allegations in paragraph 26, the terms of the 2016 Operating Agreement speak for themselves and are not emphasized as depicted in the Complaint; therefore, Defendants deny the allegations in this paragraph.

27. Defendants deny the allegations in paragraph 27.

28. Defendants deny the allegations in paragraph 28.

29. Defendants deny the allegations in paragraph 29.

30. Defendants deny the allegations in paragraph 30 and deny any implication that the alleged 2020 "operating agreement" was ever agreed upon or executed.

31. Defendants deny the allegations in paragraph 31 and deny any implication that the alleged 2020 "operating agreement" was ever agreed upon or executed.

32. Defendants deny the allegations in paragraph 32 and deny any implication that the alleged 2020 "operating agreement" was ever agreed upon or executed.

33. Defendants deny the allegations in paragraph 33 and deny any implication that the alleged 2020 "operating agreement" was ever agreed upon or executed.

34. As to the allegations in paragraph 34, the terms of the 2016 Operating Agreement speak for themselves and are not emphasized as depicted in the Complaint and the alleged 2020 "operating agreement" was never agreed upon or executed; therefore, Defendants deny the allegations in this paragraph.

35. Defendants deny the allegations in paragraph 35.

36. Defendants deny the allegations in paragraph 36.

37. Defendants deny the allegations in paragraph 37.

38. Defendants admit that a Dropbox account for sharing documents existed (though it appears that Plaintiffs rarely looked at it) but deny the other allegations in paragraph 38.

39. Defendants deny the allegations in paragraph 39.

40. Defendants deny the allegations in paragraph 40.

41. Defendants deny the allegations in paragraph 41 and deny the implication that any approval by Plaintiffs was necessary as to any distribution or other decision.

42. Defendants deny the allegations in paragraph 42 and deny the implication that any approval by Plaintiffs was necessary as to any distribution or other decision.

43. Defendants deny the allegations in paragraph 43 and deny the implication that any approval by Plaintiffs was necessary as to any distribution or other decision.

44. Defendants deny the allegations in paragraph 44.

45. Defendants deny the allegations in paragraph 45.

46. Defendants deny the allegations in paragraph 46.

47. Defendants deny the allegations in paragraph 47. In fact, Plaintiffs were silent for very lengthy stretches during the period when they now claim to have been members of the LLC.

48. Defendants admit that Plaintiff's counsel wrote a letter dated November 12, 2020 but deny the other allegations in paragraph 48.

49. Defendants deny the allegations in paragraph 49.

50. Defendants deny the allegations in paragraph 50.

51. Defendants deny the allegations in paragraph 51.

52. Defendants deny the allegations in paragraph 52.

53. Defendants deny the allegations in paragraph 53.

54. Defendants deny the allegations in paragraph 54.

55. Paragraph 55 presents a conclusion of law, not an allegation of fact, and as such does not require a response; to the extent a response is deemed to be necessary, Defendants deny the allegations in this paragraph.

56. Defendants deny the allegations in paragraph 56.

57. Defendants admit that a new attorney for Plaintiffs sent a self-serving, argumentative letter including the language quoted in paragraph 57 but deny that Plaintiffs had standing to a call a meeting of members, deny that the alleged 2020 "operating agreement" was ever agreed upon or executed, and deny the other allegations in this paragraph.

58. Defendants deny that Plaintiffs' new attorney sent a letter making the sort of demand alleged in paragraph 58 but deny that Plaintiffs had standing to demand indemnification and advancement of attorney's fees and deny the other allegations in this paragraph.

59. Defendants admit the allegations in paragraph 59.

60. As to the allegations in paragraph 60, Defendants admit that Mr. Kincaid sent a letter with the quoted language but deny the paragraph's conclusory paraphrasing.

61. Defendants deny the allegations in paragraph 61.

62. Defendants deny the allegations in paragraph 62 and deny any implication that there was a proper meeting of members called for that day.

63. Defendants deny the allegations in paragraph 63.

64. Defendants deny the allegations in paragraph 64.

65. Defendants deny that Plaintiffs had standing to call a meeting of members and therefore deny the allegations in paragraph 65.

66. Defendants admit the allegations in paragraph 66 but deny that such settlement-related discussions are relevant or admissible.

67. Defendants deny the allegations in paragraph 66 and deny that such settlement-related discussions are relevant or admissible.

68. Defendants deny there was a meeting of members scheduled for July 25, 2022 and deny that Plaintiffs had standing to call such a meeting, and therefore deny the allegations in paragraph 68 including that they "failed to appear."

69. Defendants deny the allegations in paragraph 69.

70. Defendants deny the allegations and mischaracterizations in paragraph 70.

71. Defendants deny the allegations in paragraph 71, including the implication the alleged 2020 "operating agreement" was ever agreed to or executed.

72. As to the allegations in paragraph 72, the terms of the 2016 Operating Agreement speak for themselves and are not emphasized as depicted in the Complaint and the alleged 2020 "operating agreement" was never agreed upon or executed; therefore, Defendants deny the allegations in this paragraph.

73. Paragraph 73 presents a conclusion of law, not an allegation of fact, and as such does not require a response; to the extent a response is deemed to be necessary, Defendants deny the allegations in this paragraph.

6

74. Defendants deny the allegations in paragraph 74.

75. Defendants admit the allegations in paragraph 75.

76. Defendants admit that the cited figure appeared in Inc. but deny the allegations in paragraph 76.

77. Defendants deny the allegations in paragraph 77.

78. Defendants admit the allegations in paragraph 78 but deny that they are relevant in any way to this lawsuit.

79. Defendants admit that during the identified period, Mr. Payne posted information about purchases, along with information about many other topics, but deny the other allegations in paragraph 79 and deny that they are relevant in any way to this lawsuit.

80. Defendants admit that one of Mr. Payne's businesses (not Hardbody Supplements, LLC) purchased these NFTs but deny the other allegations in paragraph 80 and deny that they are relevant in any way to this lawsuit.

81. Defendants deny the allegations in paragraph 81.

82. Defendants admit the allegations in paragraph 82.

83. Defendants admit that they intend to continue to operate Hardbody Supplements, LLC to the best of their abilities, as they have from the day the company was founded, but deny the other allegations in paragraph 83.

### RESPONSES AS TO PURPORTED CAUSES OF ACTION

### Responses as to Count I
### Breach of Contract

84. As to the allegations in paragraph 84, Defendants incorporate by reference their responses to the previous paragraphs as though fully set forth herein.

85. Paragraph 85 presents a conclusion of law, not an allegation of fact, and as such does not require a response; however, to the extent it does include allegations requiring an answer, Defendants deny the allegations.

86. Defendants deny the allegations in paragraph 86.

87. Defendants deny the allegations in paragraph 87.

88. Defendants deny the allegations in paragraph 88.

89. Defendants deny the allegations in paragraph 89.

90. Defendants deny the allegations in paragraph 90.

## Responses as to Count II
## Fraud and Fraudulent inducement

91. As to the allegations in paragraph 91, Defendants incorporate by reference their responses to the previous paragraphs as though fully set forth herein.

92. Paragraph 92 presents a conclusion of law, not an allegation of fact, and as such does not require a response; however, to the extent it does include allegations requiring an answer, Defendants deny the allegations.

93. Defendants deny the allegations in paragraph 93.

94. Defendants deny the allegations in paragraph 94.

95: Defendants deny the allegations in paragraph 95.

## Responses as to Count III
## Breach of Fiduciary Duty

96. As to the allegations in paragraph 96, Defendants incorporate by reference their responses to the previous paragraphs as though fully set forth herein.

97. Paragraph 97 presents a conclusion of law, not an allegation of fact, and as such does not require a response; however, to the extent it does include allegations requiring an answer, Defendants deny the allegations.

98. Defendants deny the allegations in paragraph 98.

99. Defendants deny the allegations in paragraph 99.

100. Defendants deny the allegations in paragraph 100.

### Responses as to Count IV
### Unjust Enrichment

101. As to the allegations in paragraph 101, Defendants incorporate by reference their responses to the previous paragraphs as though fully set forth herein.

102. Paragraph 102 presents a conclusion of law, not an allegation of fact, and as such does not require a response; however, to the extent it does include allegations requiring an answer, Defendants deny the allegations.

103. Defendants deny the allegations in paragraph 103.

104. Defendants deny the allegations in paragraph 104.

105. Defendants deny the allegations in paragraph 105.

106. Defendants deny the allegations in paragraph 106.

107. Defendants deny that Plaintiffs are entitled to the relief requested in paragraph 107.

## Responses as to Count V
## Conversion

108. As to the allegations in paragraph 108, Defendants incorporate by reference their responses to the previous paragraphs as though fully set forth herein.

109. Paragraph 109 presents a conclusion of law, not an allegation of fact, and as such does not require a response; however, to the extent it does include allegations requiring an answer, Defendants deny the allegations.

110. Defendants deny the allegations in paragraph 110.

111. Defendants deny the allegation in Paragraph 111.

112. Defendants deny the allegation in paragraph 112.

## Responses as to Count VI
## Orders of Accounting and Judicial Dissolution

113. As to the allegations in paragraph 113, Defendants incorporate by reference their responses to the previous paragraphs as though fully set forth herein.

114. Defendants deny the allegations in paragraph 114.

115. Defendants deny that Plaintiffs had standing to call a meeting of members and deny the allegations in paragraph 115.

116. Defendants deny the allegations in paragraph 116.

117. Defendants deny the allegations in paragraph 117.

118. Defendants deny the allegations in paragraph 118.

## **AFFIRMATIVE DEFENSES**

119. The Complaint fails to state a claim upon which relief can be granted.

120. Plaintiff's claims related to breach of an alleged contract are barred, in whole or in part, because there was not a meeting of the minds on one or more material terms of the alleged contract.

121. Plaintiff's claims are barred, in whole or in part, due to lack of consideration and/or a failure to adequately provide consideration as required to form the alleged contract.

122. Plaintiff's claims are barred, in whole or in part, due to the failure by Plaintiffs to satisfy a material condition precedent and/or by virtue of a prior material breach of the alleged contract by Plaintiffs.

123. Plaintiff's claims are barred, in whole or in part, because they rely on an alleged 2020 "operating agreement" that was never agreed upon or executed and thus cannot provide the basis for any legal claim.

124. Plaintiff's claims are barred, in whole or in part, because Plaintiffs did not reasonably rely to their detriment on any material information provided or omitted by any communication or conduct of the Defendants.

125. Plaintiff's equitable claims are barred by the doctrine of unclean hands.

126. Plaintiff's equitable claims are barred by the doctrine of laches.

127. Plaintiff's request for a judicial dissolution of the Company is not an appropriate remedy because Plaintiffs have not complied with K.S.A. § 17-76,117.

128. The Defendants hereby give notice that they intend to rely upon any other defense that may have become available or appear during the discovery proceedings in this case and reserve the right to amend their Answer to assert any such defense.

WHEREFORE, the Paynes respectfully request that judgment be entered in their favor and against Plaintiffs, that the Court award Defendants the costs of the

11

action, and any and all attorneys' fees allowable to them, if any, and all other relief as the Court may deem just and proper.

Date:   November 18, 2022.　　　　　*/s/ Robert J Gilbertson*
　　　　　　　　　　　　　　　　　　　　Robert J. Gilbertson  (#28873)
　　　　　　　　　　　　　　　　　　　　Andrew M. DeMarea  (#16141)
　　　　　　　　　　　　　　　　　　　　FORSGREN FISHER MCCALMONT
　　　　　　　　　　　　　　　　　　　　   DEMAREA TYSVER LLP
　　　　　　　　　　　　　　　　　　　　2345 Grand Boulevard, Suite 1950
　　　　　　　　　　　　　　　　　　　　Kansas City, MO  64108
　　　　　　　　　　　　　　　　　　　　(816) 339-9300
　　　　　　　　　　　　　　　　　　　　bgilbertson@forsgrenfisher.com
　　　　　　　　　　　　　　　　　　　　ademarea@forsgrenfisher.com

　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendants*
　　　　　　　　　　　　　　　　　　　　*Lawrence and Patricia Payne*

**CERTIFICATE OF SERVICE**

Undersigned counsel for Defendants hereby certifies that on November 18, 2022, his firm filed a copy of the foregoing pleading with the Court's ECF filing system, which will automatically serve a copy via email to all counsel of record.

　　　　　　　　　　　　　　　　　　　　*/s/ Robert J Gilbertson*
　　　　　　　　　　　　　　　　　　　　Attorneys for Defendants