IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NATHAN BARNS, SUSANNAH KILPATRICK and DARREN KILPATRICK,<br><br>Plaintiffs,<br><br>v.<br><br>LAWRENCE PAYNE and PATRICIA PAYNE,<br><br>Defendants. | Case No. 2:22-cv-02433-HLT-KGG |

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTION TO COMPEL**

Plaintiffs respectfully submit this Reply Memorandum in support of their Motion to Compel.

**I. PLAINTIFFS FULFILLED THEIR MEET AND CONFER OBLIGATIONS AND THE MOTION IS TIMELY**

Defendants' assertion that Plaintiffs did not comply with their Rule 37.2 obligations because "[t]here has neither been a 'pre-motion conference' nor […] any conversation between counsel about the revised responses" (Opp. 4) is without merit: Defendants ignore Judge Gale's repeated ruling on July 24 and Aug 14 that Plaintiffs fulfilled their meet and confer obligations and had leave to file a Motion to Compel. Plaintiffs nevertheless met and conferred with new counsel in good faith between July 28 and Sept 21 to no avail, as Defendants' new counsel merely repeated the same improper objections to stonewall discovery as they have done for more than a year now.[1] Plaintiffs filed the Motion pursuant to Local Rule 37.1, within 30 days of Defendants' Sept. 25 deficient document

---

[1] Similarly, Defendants' assertion that Plaintiffs did not meet and confer with respect to their Supplemental Requests and First Requests for Interrogatories is baseless (Opp. 3). As explained in the Motion, Plaintiffs' Supplemental requests seek identical documents to Plaintiffs' Amended Requests No. 28 (vi), and Plaintiffs' Interrogatories seek the same information already requested in Plaintiffs' Revised Document Requests, which the parties met and conferred about ad nauseum to no avail, and which Plaintiffs had leave from the Court to move to compel. See Motion 9-10. As further meeting and conferring on the same issues would have been futile, Plaintiffs satisfied their meet and confer obligations and the Supplemental Request and Interrogatories were ripe for a motion to compel.

production, after exhausting any conceivable path to resolving this without the Court's intervention.

II.     **DEFENDANTS HAVE NOT COMPLIED WITH FED. R. CIV. PROC. 34(B)(2)(E)**

Defendants' representation that they "produced documents as they are kept in the usual course of business" (Opp. 5) is not credible. Defendants' production is a classic "document dump" which includes select financial and business records produced as attachments to e-mails and as scattered files with no particular order or category. This District and Federal Courts across the country routinely order parties to organize their production and identify by Bates numbers documents responsive to each request to meet the requirements of FRCP 34(b)(2)(E). *See* Motion FN 1.

III.     **DEFENDANTS' OBJECTIONS ARE IMPROPER**

Defendants' contention that they "diligently engaged in efforts to produce all responsive documents that they agreed to produce" (Opp. 6) is fiction. On August 9 and 14, Defendants deliberately dumped 55,000 unorganized pages of documents which they refuse to correct. Even from the limited review possible, it is clear that Defendants have not produced numerous documents they agreed to produce, including financial documents, documents and communications relating to Company contracts, assets, manufacturing and sales data, other entities owned by Defendants, and entities used by Defendants in connection with rebating and Ponzi schemes, all of which are squarely relevant to the claims and defenses in this litigation, specifically claims of misappropriation of Company assets, fraud, and allegations that Defendants are operating a Ponzi scheme.[2] Defendants' argument that "Plaintiffs' Motion raises two issues for the first time" (Opp. 6) is also nonsense as Plaintiffs have raised Defendants' incomplete production of financials, including bank statements, with Judge Gale on May 4, and during meet and confer efforts **for over a year**. During the May 4 telephonic conference, Judge Gale stated that it is evident that Defendants' objections are "obstructive," and Defendants are "hiding [documents]" and "only producing what [they] want

---

[2] Plaintiffs respectfully refer the Court to pages 7-10 of the Motion.

1

[Plaintiffs] to see" which is improper in every sense. *See* Hr. Tr. 6:21-24, 9:1-8, 41:15 at DKT 61. On July 24, Judge Gale recognized that Plaintiffs are prejudiced by Defendants' severe discovery deficiencies and stated that the telephonic conferences were being recorded to ensure it was on the record for his successor, whereupon Defendants made a misrepresentation to Plaintiffs and the Court that they would produce most of the documents. Defendants are now reneging before Magistrate Judge Severson by trying to relitigate discovery after stonewalling it for over a year.

In response to Request Nos. 3, 4 and 28 and Supplemental Request Nos. 1-3, Defendants argue that Plaintiffs are "not entitled to know all of Defendants' personal business information" (Opp. 6-8), and "[this case] is not about other companies that Defendants have indirect ownership in, nor are Plaintiffs entitled to asset discovery." (Opp. 2). This is bad faith.  Judge Gale already addressed the relevance of these Requests and indicated that he would order production of all these documents. Judge Gale explicitly stated that "none of the proprietary information objections are valid," because "the very nature of the dispute is proprietary." *See* Hr. Tr. 5:1-11 at DKT 61.

**IV.   DEFENDANTS HAVE NOT PROPERLY ANSWERED PLAINTIFFS' INTERROGATORIES**

Defendants' contention that they "properly answered Plaintiffs interrogatories" (Opp. 6) is far from the truth.  With regards to Interrog. No. 5, Defendants' position that "they do not own any of their other companies" is not credible, as Defendants have admitted that other entities they <u>own</u> have, for example, purchased NFTs. *See* Answer to the Complaint ¶80. Regarding Interrog. No. 10, Defendants representation to the Court that Plaintiffs have not identified the "specific sourced quote" of the public statements Defendants have made about the Company would be irrelevant even if it were true, but it is not true.  On July 18 Plaintiffs explicitly directed Defendants to their production by Bates numbers which contain the "specific sourced quotes" Defendants requested. Defendants' boilerplate objections to Interrogatories No. 2, 12, 13, 14, 15, 16, 17, 21 and 24 on the basis that they are "overly broad and seek information beyond the scope of proper discovery" (Opp. 8-9) is improper.

This Court has strongly admonished the Parties against using generic boilerplate objections, stating that it would "simply strike them all and overrule them." *See* Hr. Tr. 4:8-25 at DKT 61. Defendants' objections are also baseless. As explained on pages 9-10 of the Motion, these interrogatories relate directly to the claims and defenses in this litigation. They are also routine discovery. For example, Interrogatories 2, 15 and 21 seek the identification of individuals with knowledge about the Company, its business practices, and the issues raised in this litigation. Interrogatories 12, 13, 14, 15 seek information about the Company's business and sales practices, and Interrogatories 16 and 17 seek information about to the finances of the Company and/or Defendants, and Defendants' misappropriation of Company funds, which is squarely relevant to this litigation. There is nothing "overly broad" about the Interrogatories and Defendants should be ordered to respond.

Dated: November 15, 2023　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　/s/ Brian E. Sobczyk
　　　　　　　　　　　　　　　　　　　　　　　Barry R. Lax (*admitted pro hac*)
　　　　　　　　　　　　　　　　　　　　　　　Robert R. Miller (*admitted pro hac*)
　　　　　　　　　　　　　　　　　　　　　　　**Lax & Neville LLP**
　　　　　　　　　　　　　　　　　　　　　　　350 Fifth Avenue, Suite 4640
　　　　　　　　　　　　　　　　　　　　　　　New York, NY 10118
　　　　　　　　　　　　　　　　　　　　　　　Telephone: 212.696.1999
　　　　　　　　　　　　　　　　　　　　　　　blax@laxneville.com
　　　　　　　　　　　　　　　　　　　　　　　rmiller@laxneville.com

　　　　　　　　　　　　　　　　　　　　　　　Brian E. Sobczyk, KS #21046
　　　　　　　　　　　　　　　　　　　　　　　**Stinson LLP**
　　　　　　　　　　　　　　　　　　　　　　　1201 Walnut Street, Suite 2900
　　　　　　　　　　　　　　　　　　　　　　　Kansas City, MO 64106
　　　　　　　　　　　　　　　　　　　　　　　Telephone: 816.842.8600
　　　　　　　　　　　　　　　　　　　　　　　brian.sobczyk@stinson.com
　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

　　　　The undersigned counsel for Plaintiffs hereby certifies that on the 15th day of November 2023, the foregoing was filed via the Court's ECF filing system, which will automatically serve a copy via email to all counsel of record.

　　　　　　　　　　　　　　　　　　　　　　　/s/ Brian E. Sobczyk
　　　　　　　　　　　　　　　　　　　　　　　Brian E. Sobczyk