UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NATHAN BARNS, et al.,

    Plaintiffs,

v.

LAWRENCE PAYNE and PATRICIA PAYNE,

    Defendants.

Case No. 22-2433-HLT-BGS

**MEMORANDUM AND ORDER**
**DENYING MOTION TO AMEND**

This matter comes before the Court on Defendants Lawrence and Patricia Payne's (hereinafter "Defendants") Motion to Amend Scheduling Order and Motion for Leave to File First Amended Answer and Counterclaim. Doc. 93. In support of their motion, they argue that new information was learned during the depositions of Plaintiffs that warrant amending their answer to assert additional affirmative defenses as well as a counterclaim. Plaintiffs Nathan Barns, Susannah Kilpatrick, and Darren Kilpatrick (hereinafter "Plaintiffs") oppose the motion arguing it is untimely and would cause them undue prejudice. Doc. 98. The Court finds the addition of a counterclaim and affirmative defenses to be untimely and that Defendants have not shown good cause for the same. For the reasons stated herein, the motion is **DENIED**.

**I.  Background**

Plaintiffs filed this case on October 21, 2022. They allege claims for (1) breach of contract; (2) fraud and fraudulent inducement; (3) breach of fiduciary duty; (4) unjust enrichment; and (5) conversion. Plaintiffs also request an order of judicial dissolution pursuant to K.S.A. § 17-76,117(b) and an order to turn over all books and records of the Company for inspection as well as an accounting for the purposes of judicial dissolution. Defendants filed their answer on November 18,

1

2022.  *See* Doc. 5.  The Court entered its first scheduling order on January 9, 2023.  In that scheduling order, the motion to amend deadline was set for February 20, 2023.  Neither party elected to amend their pleadings on or prior to that date.

In the months following, the parties underwent a flurry of discovery disputes which are more fully discussed in the Court's prior order on a motion to compel.  *See* Doc. 94.  Defendants' previous representation withdrew from the case on June 13, 2023.  The case was stayed to allow the Defendants to retain new counsel.  Defendants' new counsel entered their appearance on July 12, 2023, and the Court held a new scheduling conference on August 14, 2023.  The revised scheduling order stated that "[t]he deadline for parties to move for leave to join additional parties or to otherwise amend the pleadings has passed."  Doc. 58, at 6.  After that scheduling order was entered, the parties continued to have discovery disputes which led to a motion to compel.  While that motion was pending, the Defendants moved to amend the scheduling order and to amend their answer to assert affirmative defenses and a counterclaim.  Doc. 93.  The briefing on the motion is complete and the Court is prepared to rule.

## II. Legal Standard

The original scheduling order established a motion to amend deadline of February 20, 2023.  Doc. 16, at 8.  Defendants' current motion was filed on December 13, 2023, which is nearly ten months after the motion to amend deadline has passed.  When a party moves to amend its pleading after the deadline set forth in the scheduling order, the moving party must show good cause under Fed. R. Civ. P. 16(b)(4) to modify the scheduling order as well as satisfy the standards under Fed. R. Civ. P. 15(a).  *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014).  If the moving party fails to meet the good cause standard in Rule 16, then the court may deny the motion on that basis alone.  *Id.* at 1242 ("Because [the moving party] lacked good cause for the delay in amending their complaint, it was within the district court's discretion to deny their motion

pursuant to Rule 16(b)(4).").

The good cause standard under Rule 16(b)(4) is arguably more stringent than the standard under Rule 15(a). *Zisumbo v. Ogden Reg'l Med. Ctr.*, 801 F.3d 1185, 1197 (10th Cir. 2015). *See also Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1119 (10th Cir. 2018) ("Rule 16(b)(4) is arguably more stringent than Rule 15"). Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." The Tenth Circuit has held that the good cause standard requires the movant to show that "scheduling order deadlines cannot be met despite the movant's diligent efforts." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988-89 (10th Cir. 2019). *See also* Fed. R. Civ. P. 16 advisory committee's note to the 1983 amendment (stating that good cause exists when a deadline cannot reasonably be met despite a party's due diligence). The good cause standard also requires the moving party to provide an adequate explanation for any delay. *Tesone*, 942 F.3d at 988.

"[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Ikona v. AHC of Overland Park, LLC*, No. 22-2016-KHV-RES, 2022 WL 4245478, at *4 (D. Kan. Sept. 15, 2022) (quoting *Tesone*, 942 F.3d at 989). The failure to proceed with the normal process of discovery is not good cause under Rule 16. *Id.* Since Rule 16 requires a party's due diligence, if the moving party knew of the underlying conduct but failed to raise its defenses, then those defenses are barred. *Gorsuch, Ltd., B.C.*, 771 F.3d at 1240. The same good cause standard applies to parties seeking to add counterclaims. *Id.* at 1241. However, if a party learns new information through discovery, then the good cause standard may be satisfied. *Id.*

In the event the moving party establishes good cause, the Court still needs to analyze the Rule 15 factors. *Pierce as Tr. of Steven Pierce Tr. Dated Apr. 14, 2000 v. State Farm Fire & Cas. Co.*, No. 19-1245-EFM-GEB, 2021 WL 2191036, at *4 (D. Kan. Apr. 13, 2021). Those factors include timeliness, prejudice to the other party, bad faith, and futility of the amendment. *Id.* "Ultimately, whether to modify the scheduling order lies within the court's sound discretion." *Green v. Blake,* No.

18-2247-CM, 2020 WL 816016, at *2 (D. Kan. Feb. 19, 2020).

**III.   Analysis**

    **a.   Proposed Counterclaim**

Defendants seek to add a counterclaim for indemnity.  Defendants argue that new information was learned during the depositions of Plaintiffs which justify asserting their proposed counterclaim.  Specifically, they state that Plaintiffs' testimony provides evidence that they breached the contract at issue.  The contract obliged Plaintiffs to pay $500,000 and Defendants claim that they learned in Plaintiffs' depositions that the full $500,000 was not paid.  As will be explained below, Defendants have not shown good cause under Rule 16(b)(4) why they should be allowed to assert a counterclaim against the Plaintiffs.

The Court does not find that the information concerning Plaintiffs' failure to pay the required sum pursuant to the contract is "new" information.  The testimony elicited pertained to whether Defendants had been fully paid pursuant to the terms of the contract.  It is perplexing to the Court how Defendants could not have already known whether a contractual sum was paid to them.  The contract was purportedly entered into in 2016, nearly 8 years ago.  There does not appear to be ambiguity or confusion in the amount owed to the Defendants.  The alleged agreement, as described in the Complaint, required $500,000 from the Plaintiffs, payable in four installments, in exchange for a 50% equity interest in the Company.  Defendants fail to explain how they could not have known how much money had been paid to them, information presumably already in their possession.  Good cause does not exist when the "new discovery" alleged has been in the moving party's possession since the case began.  *See Gorsuch, Ltd., B.C.*, 771 F.3d at 1240.

Moreover, assuming Defendants did not know how much money they had been paid, they do not explain why that information could not have been discovered much earlier with diligent effort.  The Complaint was filed on October 21, 2022, and they answered on November 18, 2022.

4

Over one year had passed since their responsive pleading. Written discovery had already been conducted regarding the payments made by Plaintiffs. No further diligence into the matter had been initiated until nearly 8 months later. Although the case had been stayed for a couple months and prior counsel had withdrawn, that does not excuse a lack of diligence by Defendants. Similarly, depositions did not occur until nearly one year after the scheduling conference. Although the motion was filed shortly after Plaintiffs' depositions, that does not excuse the previous lack of diligent effort to discover the supposed new information. If Defendants were unsure whether the contract had been fully performed, they should have conducted discovery on it much earlier in the litigation and should not have waited until 10-months after the deadline to amend. Carelessness is not consistent with diligent efforts. *Ikona*, 2022 WL 4245478, at *4. Defendants have not established good cause under Rule 16(b)(4) to show that despite their diligent efforts they could not have met the February 20, 2023 deadline to amend. Accordingly, their motion to assert a counterclaim after the motion to amend deadline is **DENIED**.

### b. Proposed Affirmative Defenses

The Court also finds that Defendants have not established good cause to amend their answer to assert their proposed affirmative defenses. Defendants seek to add the (1) economic loss doctrine, (2) waiver and/or estoppel, and (3) novation, as affirmative defenses. They also seek to add "specificity to the affirmative defense of failure of a material condition precedent." The basis for the amendments is not clearly explained. The motion does not explain what new information was learned, when it was learned, or how the discovery relates to the proposed affirmative defenses. Moreover, Defendants do not explain why any such information could not have been discovered earlier with due diligence. In their Reply, they provide:

> Finally, regarding the affirmative defenses of waiver, estoppel, and novation, they are all based on the deposition discovery surrounding the company's application for a Small Business Administration ("SBA") loan and information submitted in support of the loan showing the ownership structure of the company as Patricia Payne at 96%

5

>and Lawrence Payne at 4%. Defendants did not know prior to the depositions whether Plaintiffs would testify that they had objected to those ownership percentages, and therefore did not have a basis for the additional affirmative defenses until after Plaintiffs' testimony regarding the SBA loan had been elicited.

Doc. 104, at 3.  The explanation provided in the Reply is hard to follow.  It appears that the Defendants contend that the Plaintiffs objecting to the ownership percentages shown in the SBA loan is a basis for the affirmative defenses.  However, Defendants do not explain why this information was not known, how it could not have been discovered earlier with diligent effort, or how Plaintiffs' objections form any basis for the defenses.  As such, Defendants have not established good cause under Rule 16(b)(4) to amend to add the affirmative defenses.[1]  Consequently, Defendants' motion is **DENIED** as it pertains to the affirmative defenses.

**IT IS THEREFORE ORDERED** that Defendants' motion to for leave to amend the scheduling order and to file an amended answer and counterclaim is **DENIED**.

**IT IS SO ORDERED.**

Dated February 23, 2024, at Wichita, Kansas.

/s Brooks G. Severson
Brooks G. Severson
United States Magistrate Judge

---

[1] Defendants also move to add specificity to their affirmative defense of failure to satisfy conditions precedent under the contract.  A pleading is not required to set forth every detail regarding a party's claim or defense.  Federal Rule of Civil Procedure 8(b) requires a pleading to contain a party's defenses in short and plain terms.  *See Bennett v. Sprint Nextl Corp.*, No. 09-2122-EFM, 2011 WL 4553055, at *1 (D. Kan. Sept. 29, 2011) (recognizing that an answer only requires defenses to state in short and plain terms a responder's defenses to each claim asserted).  Further, facts learned during discovery become part of the record.  *See Burke v. Regalado*, 935 F.3d 960, 1005 (10th Cir. 2019) (recognizing "that the discovery process can also provide adequate notice of factual allegations not specifically mentioned in" the pleadings).  As such, their request to amend the pleading to add more facts is unnecessary and similarly denied.