UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NATHAN BARNS, et al.,

    Plaintiffs,

v.

LAWRENCE PAYNE and PATRICIA PAYNE,

    Defendants.

Case No. 22-2433-HLT-BGS

## MEMORANDUM AND ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEYS' FEES

This matter is before the Court on Plaintiffs Nathan Barns, Susannah Kilpatrick, and Darren Kilpatrick's ("Plaintiffs") Amended Motion for Assessment of Fees Related to Judgment Debtors' Failure to Appear at Hearing in Aid of Execution.[1] Doc. 154. In support thereof, Plaintiffs argue that they incurred fees and expenses due to the Defendants' failure to appear at the Hearing in Aid. Defendants Lawerence Payne and Patricia Payne ("Defendants") oppose the motion arguing that there is no legal basis for the Court to award attorneys' fees. For the reasons stated herein, the motion is **GRANTED in part and DENIED in part**.

**I. Background**

This case was initially brought on October 21, 2022. Plaintiffs brought claims for (1) breach of contract; (2) fraud and fraudulent inducement; (3) breach of fiduciary duty; (4) unjust enrichment; and (5) conversion. *See generally* Doc. 1. After a litigious discovery period, the parties agreed to a confidential settlement agreement in which they had certain rights and obligations that needed to be completed. *See* Doc. 113. Ultimately, the parties submitted a joint stipulation of judgment wherein the Plaintiffs and Defendants stipulated that judgment would be entered in favor of Plaintiffs on all

---

[1] The original motion was filed on May 22, 2025. *See* Doc. 152. It was subsequently amended on June 4, 2025, to include correct supporting documentation. Thus, the Court **DENIES AS MOOT** the original motion.

1

claims and that Plaintiffs were entitled to a judgment of $3,400,000. Doc. 115. The Court then entered Judgment pursuant to the Joint Stipulation. Doc. 116.

To collect the judgment, Plaintiffs moved for a hearing in aid of execution pursuant to K.S.A. 60-2419. Doc. 122. The Court granted the motion and ordered the Defendants to appear at the Kansas City federal courthouse for a hearing and submit to an examination concerning their financial assets. Doc. 129. Defendants were properly served with the order and notice of the hearing in accordance with K.S.A. § 60-205(b). The hearing was set to take place on April 24, 2025.

On April 24, 2025, Plaintiffs' counsel and a certified court reporter appeared at the scheduled time and place for the hearing. However, the Defendants failed to personally attend the hearing. Instead, counsel for the Defendants attended and requested a continuance. The Court denied the request for a continuance and pursuant to K.S.A. 60-2419, issued an order directing the Defendants to appear and show cause why they should not be held in contempt for failure to appear. Doc. 144. The order to show cause noted that

> Defendants' appearance was not discretionary but compulsory – meaning their personal attendance was required. Merely sending legal counsel on their behalf fails to satisfy the fundamental purpose of a hearing in aid of execution, which specifically requires Defendants to appear in person and respond to questions regarding their financial circumstances.

*Id.*, at 1. In the event Plaintiffs sought recovery for their time and expenses related to the hearing, the order directed Plaintiffs "to submit documentation regarding those fees and expenses no later than May 23, 2025." *Id.*, at 2. The order also set a show cause hearing for June 4, 2025.

On May 22, 2025, Plaintiffs filed a motion for the assessment of fees requesting expenses and fees in connection with the hearing, but mistakenly attached an incorrect exhibit. Thus, on June 4, 2025, Plaintiffs filed an amended motion with the correct exhibit. Doc. 154. The motion seeks reimbursement for the time it took for counsel to prepare and attend the hearing as well as the court reporter fee. The breakdowns of fees are as follows:

  Attorney Robert Tormohlen: $605.00 (1.1 hours at $550.00/hour)
  Attorney Kyle Binns: $588.50 (1.1 hours at $535.00/hour)
  <u>Court reporter fees: $100.00</u>
  Total: $1,293.50

On June 4, 2025, the Court held a show cause hearing in which counsel for both parties and Defendants appeared. The Court briefly heard argument from the parties as to the attorneys' fees issue and whether sanctions are warranted. Those issues were taken under advisement. After the show cause portion of the hearing concluded, the hearing in aid of execution began wherein the Plaintiffs questioned Defendant Lawerence Payne about his assets and financial circumstances. The hearing lasted all-day; however, the examination was unable to be fully completed. Therefore, the Court set the hearing in aid to be continued on July 17, 2025. The parties expect to fully complete the process on that date.

Briefing on the motion for the assessment of fees is now complete. The Court has fully considered the briefing as well as the oral argument heard on June 4, 2025.

## II. Analysis

The Court will first address whether the undersigned has authority to award attorneys' fees as a non-dispositive sanction. Next, the Court will address whether the imposition of sanctions is proper in this circumstance.

### a. Whether Court has Legal Authority to Impose Sanction

Defendants argue that "[t]here is no contract between the parties that entitles Plaintiffs to their attorney's fees and no court rule or case provides for such fees to be awarded." Doc. 155, at 3. They maintain that there is no authority for the Court to award attorneys' fees. Plaintiffs point to K.S.A. 60-237(d), as well as the federal counterpart in Fed. R. Civ. P. 37(d)(3), which they argue grants authority for the Court to award fees and expenses if a party fails to appear to a properly noticed deposition.

3

The Kansas statute provided by the Defendants—K.S.A. § 60-237(d)—sets forth circumstances in which a court may order sanctions and the types of sanctions that may be awarded. The statute provides that a court may order sanctions if a party fails, after being served with proper notice, to attend his or her deposition. K.S.A. § 60-237(d)(i). In that event, the types of sanctions that may be awarded include:

> any of the orders listed in subsections (b)(2)(A)(i) through (b)(2)(A)(vi). Instead of, or in addition to, these sanctions, the court must require the party failing to act, the attorney advising the party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

*Id.* 60-237(d)(3). The Federal counterpart, Fed. R. Civ. P. 37(d)(3), provides similar language:

> Types of Sanctions. Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i) —(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d)(3).

Here, the Court is not convinced that K.S.A. § 60-237(d)(i) nor Fed. R. Civ. P. 37(d)(3) are applicable to post-judgment hearings in aid of execution. That statute and federal rule generally apply to pretrial discovery proceedings and not post judgment collection efforts. In particular, they relate to failing to appear for a deposition to or to answer discovery such as interrogatories. The subsection of the Kansas statute is titled "Party's failure to attend its own deposition, serve answers to interrogatories or respond to a request for inspection" and that subsection is contained within other discovery rules/obligations. Similarly, the Rule 37(d) subsection has the exact same title. Plaintiffs have not made the connection that the statute/federal rule applies to a post-judgment hearing in aid of execution. Nor have they shown that a hearing in aid of execution is equivalent to a "deposition" within the meaning of the statute.

However, sanctions may be authorized on the court's "inherent authority 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Smith v. BNSF Ry. Co.*, No. 06-2534-CM, 2010 WL 3862025, at *2 (D. Kan. Sept. 22, 2010) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). *See also Weldemariam v. Branch Banking & Tr. Co.,* No. 20-2301-JWB-TJJ, 2021 WL 1721061, at *2-3 (D. Kan. Apr. 30, 2021) (imposing a monetary sanction as a non-dispositive discovery sanction). The Court's inherent authority to impose sanctions is broad and subject to the court's discretion.[2] *See id.* Thus, the Court finds that it has the inherent authority to impose reasonable fees as a sanction. The Court will next consider whether they are appropriate.

### b. Whether the Imposition of Sanctions is Proper

Defendants urge the Court to consider their motivation in their failure to adhere to the court's order requiring them to appear. Doc. 155, a 3. They state that their reason for their failure to appear was because they traveled to Florida "to effectuate a business relationship that will produce income at a level necessary to satisfy the sizeable judgment in this case." *Id.*, at 2. Plaintiffs argue that the Defendants' failure to appear was not justified.

The Court believes that sanctions in some form are appropriate. If Defendants knew they were going to be out of town and unable to appear for the hearing, then they should have alerted the Court and/or Plaintiffs' counsel. Traveling out of state without any notice of their intention to not appear at the hearing inconvenienced both the Plaintiffs and the Court. Plaintiffs spent time preparing for the hearing and the undersigned had to make arrangements to travel to Kansas City. Merely sending counsel in their place did not advance the case nor accomplish the purpose of the hearing, which was for them to answer questions concerning their assets and financial circumstances.

---

[2] Magistrate Judges may impose fees as non-dispositive sanctions under 28 U.S.C. § 636. *See Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1465 (10th Cir. 1988).

That being said, the Court questions whether a full award of attorneys' fees is appropriate in this matter. The Plaintiffs request fees for the work of two attorneys. While that may be an appropriate strategic approach, the Defendants should not be penalized for that decision. As such, the Court will impose a monetary sanction equivalent to the fees of Attorney Robert Tormohlen and the court reporter. Therefore, under the Court's inherent authority to impose sanctions, it finds that a sum of $705 is appropriate to compensate Plaintiffs for the inconvenience of appearing for the hearing and filing the instant motion. *See Weldemariam*, 2021 WL 1721061, at *2-3 (declining to award attorneys' fees and instead impose a monetary sanction). Defendants shall pay Plaintiffs a total of $705 for failing to appear at the hearing.

**IT IS THEREFORE ORDERED** that Plaintiffs' Amended Motion for Assessment of Fees Related to Judgment Debtors' Failure to Appear at Hearing in Aid of Execution (Doc. 154) is **GRANTED in part and DENIED in part**. Defendants shall pay Plaintiffs a total of $705 for failing to appear at the hearing in aid of execution.

**IT IS FURTHER ORDERED** that the original Motion for Assessment of Fees Related to Judgment Debtors' Failure to Appear at Hearing in Aid of Execution (Doc. 152) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated July 3, 2025, at Wichita, Kansas.

/s/ BROOKS SEVERSON
Brooks G. Severson
United States Magistrate Judge