IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NATHAN BARNS, SUSANNAH KILPATRICK, and DARREN KILPATRICK<br><br>Plaintiffs/Judgment Creditors,<br><br>v.<br><br>LAWRENCE E. PAYNE, PATRICIA A. PAYNE, HARDBODY SUPPLEMENTS LLC, HARDBODY COACHING LLC, and HARDBODY ENERGY, LLC<br><br>Defendants/Judgment Debtors. | Case No. 2:22-cv-02433-HLT-BGS |

**JUDGMENT CREDITORS' MOTION
TO HOLD JUDGMENT DEBTORS
IN CONTEMPT OF COURT**

COME NOW Judgment Creditors Nathan Barns, Susannah Kilpatrick, and Darren Kilpatrick, by and through their counsel of record, and respectfully move this Court for an order: (1) imposing sanctions on Judgment Debtors for their willful violation of this Court's order from June 10, 2025 (Doc. 161) (the "**June 10 Order**"); (2) compelling immediate production of all documents that Judgment Debtors were previously ordered to produce by July 3, 2025; and (3) holding Judgment Debtors in contempt of court until full compliance with this Court's June 10 Order is achieved.  In support thereof, Judgment Creditors state as follows:

I. **JUDGMENT DEBTORS HAVE FAILED TO COMPLY WITH THIS COURT'S JUNE 10 ORDER TO PRODUCE DOCUMENTS.**

1. On February 18, 2025, Judgment Creditors filed their Motion for Hearing in Aid of Execution, which included a request that Judgment Debtors produce the documents in Exhibit 1 thereto. (Doc. 122).

2. On March 10, 2025, the Court entered its Order granting Judgment Creditors' motion (Doc. 129) (the "**March 10 Order**"), ordering Judgment Debtors to appear for a hearing on April 24, 2025, and to produce the required documents identified in Exhibit 1 of Judgment Creditors' Motion for Hearing in Aid of Execution.

3. Judgment Debtors' attorney appeared at the hearing on April 24, 2025, but Judgment Debtors failed to appear. At this hearing, Judgment Debtors failed to produce any of the requested documents and the Court ordered Judgment Debtors to appear on June 5, 2025, and show cause why they should not be held in contempt for failing to comply with this Court's March 10 Order. (Doc. 129).

4. On June 5, 2025, Judgment Debtors appeared at the hearing and produced a set of documents that was largely duplicative of the discovery they had produced in the underlying case before a judgment was rendered against them. Judgment Debtors failed to produce any current financial information and failed to comply with this Court's March 10 Order, which required them to produce current financial information.

5. At the hearing on June 5, 2025, the Court ordered Judgment Debtors to produce the requested documents by July 3, 2025, and to appear for another hearing on July 17, 2025. (Doc. 161). Before the deadline of July 3, 2025, Judgment Creditors' attorney contacted Judgment Debtors' attorney on June 30, 2025, identifying numerous documents that Judgment Debtors would possess but have failed to produce. *See* email attached as **Exhibit A**. To date, Judgment Debtors' attorney has not responded, nor have Judgment Debtors produced any additional documents. Judgment Debtors have failed, once again, to comply with the Court's orders to produce documents.

6. Judgment Debtors are obviously in the best position to know what documents exist that are responsive to the Court's orders. Nonetheless, Judgment Creditors have received numerous documents through subpoenas and know for a fact that Judgment Debtors have failed to produce current financial information and other documents requested per this Court's June 10 Order, including the following:

**A. Judgment Debtors have failed to produce current or complete financial or monthly statements from US Bank. (Request No. 17 of this Court's March 10 Order)**

In response to a subpoena, US Bank produced documents that showed that Lions Only LLC maintained an account at this bank and that there were deposits of $2,308,360.44 between January 2, 2024, and June 14, 2024, from multiple parties that appear to be merchant payment processing services. Judgment Debtors own or control this entity, but to date they have only produced two account statements for November and December 2023. Judgment Debtors, however, have failed to produce updated statements for this account, including any statements covering the 2024 period described above.

**B. Judgment Debtors have failed to produce any statements from their Bluevine accounts. (Request No. 17 of this Court's March 10 Order)**

In response to a subpoena, Bluevine (which is an online bank), produced statements for four accounts held by Hardbody Energy LLC, showing wire transfers totaling $1,905,280.96 between May 31, 2023, and August 2, 2024. Judgment Debtors have not produced any statements for these accounts.

**C. Judgment Debtors have failed to produce any statements from Evolve Bank & Trust or Community Federal Savings Bank. (Request No. 17 of this Court's March 10 Order)**

In connection with their collection efforts, Judgment Creditors served a subpoena upon Fidelity Bank, which holds a mortgage on some of the Judgment Debtors' real estate

3

holdings. In response to the subpoena, Fidelity Bank produced documents that showed that Judgment Debtors were using accounts at Evolve Bank & Trust and Community Federal Savings Bank to pay their mortgage. Judgment Debtors, however, have not produced any records from these two banks.

**D. Judgment Debtors have not produced any records from Spirit Bank. (Request No. 17 of this Court's March 10 Order)**

The records produced by Fidelity Bank also show that the Judgment Debtors maintained an account at Spirit Bank for their entity, Savage Investor LLC. Judgment Debtors have not produced any records from Spirit Bank or any records for Savage Investor LLC.

**E. Judgment Debtors have failed to produce any statements from their Wise accounts. (Request No. 17 of this Court's March 10 Order)**

In response to a subpoena, Wise (which is an online bank), produced statements for four accounts held by various entities owned or operated by Judgment Debtors. Judgment Debtors have not produced any statements or responsive materials for accounts held with Wise.

**F. Other documents Judgment Debtors have failed to produce.[1]**

    i. Judgment Debtors have not produced any income tax returns for the years 2021 to 2024 (Request No. 2 of this Court's March 10 Order).

    ii. Judgment Debtors have failed to produce all of the organizational documents for their many entities (Request No. 1 of this Court's March 10 Order).

---

[1] For avoidance of doubt, the documents identified in this Motion are representative examples of items Judgment Debtors have failed to provide of which Judgment Creditors are aware as a result of their independent investigation of Judgment Debtors' assets. Judgment Creditors are confident there are many more such examples, and accordingly, this is not an all-inclusive list.

    iii.    Judgment Debtors have failed to produce any documents related to the Payne Joint Trust dated July 6, 2022 (Request No. 14 of this Court's March 10 Order).

    iv.    Judgment Debtors have failed to produce any documents which identify receivables of Judgment Debtors or their many entities or the source of such receivables, despite evidence of payments received from merchant payment processing services (Request No. 5 of this Court's March 10 Order).

    v.    Judgment Debtors have failed to produce any documents that show transfers of their real estate assets since 2020 (Request No. 15 of this Court's March 10 Order).

    vi.    Judgment Debtors have failed to produce any documents related to the ownership or sale of any of their luxury vehicles and cars (Request Nos. 15 and 16 of this Court's March 10 Order).

    vii.    Judgment Debtors have failed to provide updated and current statements from their accounts at Fidelity Bank, which is where they currently maintain a banking relationship. (Request No. 17 of this Court's March 10 Order).

## II.    **JUDGMENT DEBTORS SHOULD BE HELD IN CONTEMPT OF COURT.**

7.    The July 3, 2025 deadline has passed without any further production from Judgment Debtors.

8.    Despite the clear and unambiguous deadline, Judgment Debtors have failed to comply with their Court-ordered obligation to produce any of the required responsive materials, forcing Judgment Creditors to seek this Court's intervention.

9.    Judgment Debtors' failure to produce responsive documents by the Court-ordered deadline constitutes a willful violation of this Court's June 10 Order. Their silence in response to

Judgment Creditors' follow-up communications further demonstrates their disregard for this Court's authority.

10. To prove civil contempt, Plaintiffs must show by clear and convincing evidence that (1) a valid court order existed; (2) Defendant had knowledge of the order; and (3) Defendant disobeyed the order. *Reliance Ins. Co. v. Mast Constr. Co.*, 159 F.3d 1311, 1315 (10th Cir. 1998); *FTC v. Kuykendall*, 371 F.3d 745, 756-57 (10th Cir. 2004).

11. All three elements are satisfied: (1) This Court's June 10 Order required Judgment Debtors to produce documents by July 3, 2025; (2) Judgment Debtors had knowledge of the June 10 Order, as they and their attorney appeared at the hearing and received electronic notice by way of the Court's ECF system; and (3) Judgment Debtors have completely failed to comply with this Court's June 10 Order.

12. The failure to produce these documents substantially prejudices Judgment Creditors' ability to collect on their judgment and locate assets for satisfaction of the judgment. Every day of delay further harms Judgment Creditors and potentially allows for dissipation or concealment of assets.

### III. JUDGMENT DEBTORS' FAILURE TO COMPLY WITH THIS COURT'S JUNE 10 ORDER WARRANTS SANCTIONS.

13. The Court has "inherent authority to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Smith v. BNSF Ry. Co.*, No. 06-2534-CM, 2010 WL 3862025, at *2 (D. Kan. Sept. 22, 2010) (cleaned up).

14. Civil contempt sanctions are considered coercive and are "designed to compel future compliance with a court order," or to be compensatory. *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827-29 (1994); *Shillitani v. United States*, 384 U.S. 364, 370 (1966) (civil contempt sanctions may include incarceration designed to compel compliance).

15.     Further, a Magistrate Judge may impose fees as non-dispositive sanctions under 28 U.S.C. § 636. *See Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1465 (10th Cir. 1988).

16.     Coercive sanctions are appropriate here to compel Judgment Debtors' compliance with this Court's June 10 Order. Without meaningful sanctions, Judgment Debtors have demonstrated they will continue to ignore this Court's orders and frustrate Judgment Creditors' legitimate collection efforts.

17.     Compensatory sanctions are also warranted to reimburse Judgment Creditors for the attorneys' fees and costs incurred in bringing this motion, which would have been unnecessary had Judgment Debtors complied with this Court's June 10 Order. Judgment Creditors should not bear the financial burden of Judgment Debtors' contemptuous conduct.

18.     Daily monetary sanctions are necessary and appropriate to incentivize immediate compliance. Given the Judgment Debtors' demonstrated pattern of delay and non-compliance, only the prospect of accumulating daily fines will motivate production of the required documents.

19.     The Court should also consider ordering Judgment Debtors to show cause why they should not be held in contempt and potentially face incarceration until they purge themselves of contempt by full compliance with the Court's orders.

**WHEREFORE**, Judgment Creditors respectfully request that this Court:

A.  Find Judgment Debtors in civil contempt of court for their willful violation of this Court's June 10 Order;

B.  Order Judgment Debtors to immediately produce all responsive materials required by this Court's June 10 Order within five (5) days;

C.  Impose daily monetary sanctions of $500 per day beginning on July 17, 2025, and continuing until full compliance is achieved;

D.      Hold Judgment Debtors in contempt of court, with such contempt to continue until they have fully complied with all record production obligations;

E.      Issue an order requiring Judgment Debtors to produce all of their electronic devices so that Judgment Creditor may obtain images of the information on them; and

F.      Grant such other and further relief as this Court deems just and proper.

**[SIGNATURE AND SERVICE TO FOLLOW]**

Respectfully submitted,

**LEWIS RICE LLC**

/s/ *Robert W. Tormohlen*
Robert W. Tormohlen, KS #14907
1010 Walnut, Suite 500
Kansas City, Missouri 64106
(816) 421-2500
(816) 472-2500 (fax)
rwtormohlen@lewisricekc.com
ATTORNEY FOR
JUDGMENT CREDITORS

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all registered users.

/s/ *Robert W. Tormohlen*
Attorney for Plaintiffs/Judgment Creditors