# EXHIBIT A

| | |
|---|---|
| **From:** | Kyle Binns |
| **Sent:** | Monday, June 30, 2025 4:57 PM |
| **To:** | brandon bkinneylaw.com |
| **Cc:** | Robert Tormohlen; Bryce Wolff |
| **Subject:** | Payne Document Production |
| **Attachments:** | Exhibit 1 - Motion for Hearing in Aid of Execution (00896339).PDF; Electronic Deposits acct 8932 - Revised(1).xlsx; Incoming Wires.csv; Payment Information (ACH & 1x Drafts).pdf |

Brandon,

We have had an opportunity to review the contents of the documentation produced by your clients at the hearing, which you provided to us on June 12 via Dropbox link. As I mentioned to you at the hearing, based on a cursory review of the documents provided, I concluded that the production was insufficient because it did not include many of the documents listed in Exhibit 1 that was attached to the Court's order to appear for the hearing in aid of execution (a copy of that exhibit is attached again here for reference).

Following a more substantive review, my position has not changed. However, I don't believe it is the judgment creditors' responsibility to identify what may or may not be missing from the production, particularly because the entire purpose of this legal process is for the judgment debtors to answer questions concerning their assets, many of which may not be known to the judgment creditors. Instead, it is our position that it is the Paynes' responsibility to fully and accurately produce all records responsive to the requests in the exhibit.

Having said that, given that the Paynes' deadline to supplement the document production is coming up at the end of this week, I wanted to highlight several issues in particular that I observed when reviewing the files produced to date.

- U.S. Bank
    - **Scope of Documents Produced**: In the Paynes' production under the Lion's Only folder, there was only one U.S. Bank folder included, labeled #8932. That folder contains two PDF files. The first file, "PAYNE__056279" is a deposit account statement for the 16-day period between November 14, 2023 and November 30, 2023. It discloses one $100 deposit made during that period. The second file, "PAYNE__065283" is for the month of December 2023. It discloses a number of deposits from "GoDaddy Payments" and "M Merchant" totaling $7,351.45, along with $4.72 of withdrawals.
    - **Deficiencies Noted**: Because we served a subpoena on U.S. Bank, we already had a number of account records from the Bank. Specifically, we were provided with a schedule of electronic payments of deposits into the deposit account ending in #8932 (the same account discussed above), which schedule is attached here. As you'll see, the above-referenced GoDaddy payments shown in the statements provided by the Paynes from November/December 2023 are included in the schedule, **but notably, there are many other large payments shown in the schedule for periods where no account statements were provided**. In fact, when you take the sum of all payment deposited into account #8932 between January 2, 2024 and June 14, 2024 (i.e., the sum of the amounts in column H between H24 and H177), the sum of the total deposits into such account is **$2,308,360.44**.
- Bluevine – As you may be aware, we registered our clients' judgment in the State of Washington so we could serve a document subpoena on Coastal Community Bank, which has some sort of partnership with Bluevine, an "online business banking" platform. In response to the subpoena, Coastal Community Bank assisted us with obtaining account records from Bluevine. Those account records included numerous account statements for accounts in the name of various Payne entities, along with a list of incoming wire transfers to these Bluevine accounts between May 31, 2023 and August 2, 2024. I've attached such list here for your reference. **The sum of**

1

the total incoming transfer into those accounts is $1,950,280.96. I did not see any Bluevine account statements produced in the Paynes' production.
- Community Federal Savings Bank (ABA #026073150) and Evolve Bank & Trust (ABA #084009519) – In the documentation produced to us by Fidelity Bank, the Paynes requested that Fidelity Bank pull their mortgage payments from multiple institutions, including the foregoing banks. See the attached file called "Payment Information (ACH & 1x Drafts)", pages 1 and 3. I did not see any account statements for either financial institution produced in the Paynes' production.
- Savage Investor, LLC – Based on the subpoena response we received from Fidelity Bank, we know of at least one financial institution (Spirit Bank in Oklahoma) the Paynes use for their activities with this entity, and there are likely others. I did not see any account information produced for this entity.
- Tax Returns – The order requires the Paynes to produce "all local, state, and federal tax returns for Judgement Debtors and the Relevant Entities for the years 2020, 2021, 2022, 2023, and 2024." The only returns I could see in the production were from 2020.
- Other Issues
  - Income Statements, Balance Sheets, P&L statements, etc. (Exhibit paragraph 3) – I did not see any of these types of financial statements included in the production.
  - Receivables of Judgment Debtors and/or the Relevant Entities (Exhibit paragraphs 4-5) – I did not see any of these types of reports included in the production. For example, Lions Only, LLC was clearly engaging in business where it was receiving millions of dollars in payments from merchants such as "M Merchant", "CMS" (Complete Merchant Solutions, now known as Nexio), etc., presumably for the sale of products. Accordingly, we are entitled to receive reports relating to these receivables.
  - Payments made for compensation (Exhibit paragraph 11) – I did not see any of these types of reports included in the production.
  - Cash transactions (Exhibit paragraph 12) – I did not see any of these types of reports included in the production.

The above list of deficiencies is by no means comprehensive or all-inclusive, but it illustrates that your clients have not complied with the Court's order. We reserve the right to comment further pending our review of the additional items that should be forthcoming later this week. However, the fact that none of the information discussed above has been produced by the Paynes—despite the unambiguous list of requests on Exhibit 1 to the Order—is enough on its face to discredit the entire production, particularly in light of the amount of funds being transferred through their entities (tens of millions of dollars since 2022). The Paynes' failure to produce the information in the Court's order is also indicative of a pattern of behavior on their part to conceal funds they control by holding such funds in accounts in the name of various of their entities. Moreover, and perhaps most importantly, we have not yet received any records (from the Paynes or third parties) that would demonstrate the source of the Paynes' funds since August 2024. In fact, I don't believe that any of the statements produced were for periods from after 12/31/2023. Given the Paynes' history and the sheer volume of banks in which they have maintained accounts in the past, that is unacceptable.

We look forward to receiving the balance of the production. If the foregoing items are not forthcoming, we intend to advise the Court of these issues and request that the Paynes be held in contempt for their failure to comprehensively respond.

**LEWISRICE**  Kyle M. Binns
Member

1010 Walnut, Suite 500
Kansas City, Missouri 64106-2147
816-472-2531 (direct)
785-550-1798 (mobile)
kmbinns@lewisricekc.com
www.lewisrice.com

2