UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NATHAN BARNS, et al.,

    Plaintiffs,

v.

LAWRENCE PAYNE and PATRICIA PAYNE,

    Defendants.

Case No. 22-2433-HLT-BGS

## ORDER

The Court convened a second hearing in aid of execution on July 17, 2025. The background of these matters has been sufficiently summarized in recent court orders (*see* Docs. 144, 164), so the Court will not repeat itself herein.

During the July 17, 2025, hearing in aid of execution, both Defendants Lawrence and Patricia Payne appeared and gave testimony. While Defendants' testimony is presently considered complete, Plaintiffs' counsel may later seek to reopen the hearing in aid should the Court grant the pending motion for contempt (Doc. 165) and order the Defendants to produce additional documents. Plaintiffs' counsel may also seek to reopen the hearing if they seek relief pertaining to the assertion of the Fifth Amendment right against self-incrimination, and the Court finds that the privilege was not properly asserted. During the hearing, the Court provided counsel with case law for guidance. With the hearing in aid presently completed, the Court orders as follows:

1) The briefing deadlines regarding the motion for contempt shall be governed by D. Kan. Rule 6.1(d)(2). Therefore, any response to the motion shall be due on or before **August 6, 2025**. Any Reply may be filed **within 14 days after the response is served**. Failure to respond to the motion may result in the Court ruling on the motion without the benefit of a response. The Defendants are further reminded that if the Court finds that they failed to comply with its prior order to produce documents (*see* Doc. 129), then they may be subject to certain penalties/sanctions including, but not limited to, a recommendation to the district judge that they be held in civil contempt, the imposition of fines, and/or an award of attorneys' fees.

1

2) To the extent Plaintiffs seek to challenge the Defendants' Fifth Amendment privilege assertions, any motions to that effect are due by **August 18, 2025**. The parties are encouraged to review the case provided to counsel during the hearing and confer regarding the proper scope of the privilege. The Court will also remain available to informally assist with the dispute should they need guidance. In that event, they may reach out to Chambers to schedule a pre-motion conference.

**IT IS SO ORDERED.**

Dated July 21, 2025, at Wichita, Kansas.

/s/ Brooks Severson
Brooks G. Severson
United States Magistrate Judge