# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NATHAN BARNS, et al., | ) |
| Plaintiffs | ) |
| vs. | ) Case No: 22-2433-HLT-BGS |
| LAWRENCE PAYNE and PATRICIA PAYNE, | ) |
| Defendants. | ) Court Date: |

## DEFENDANTS' RESPONSE IN OPPOSITION TO

## PLAINTIFF'S MOTION FOR CONTEMPT

COMES NOW Defendants, by and through counsel, respectfully submit the following response to Plaintiff's Motion for Contempt (Doc. 165), and in support thereof, state as follows:

## I. INTRODUCTION

Plaintiff's motion lacks merit, as Defendants have made good faith and diligent efforts to comply with all discovery orders of this Court. No willful disobedience or bad faith has occurred. The motion should be denied.

## II. FACTUAL BACKGROUND

1. On April 28, 2025, the Court issued an order to show cause compelling Defendants to respond to outstanding discovery requests.

2. Defendants, in full cooperation with the Court's directive, provided the requested discovery

responses on or before July 17, 2025, as confirmed by service to counsel of record.

3. At no point did Defendants refuse or evade compliance. All efforts were made to act in good faith and respect the Court's authority.

4. Defendants responded to Plaintiff's discovery requests to the best of their ability and knowledge, and have not withheld documents or information intentionally or negligently.

---

III. LEGAL STANDARD

A finding of civil contempt requires clear and convincing evidence that a party:

(1) violated a court order,

(2) did so with knowledge of the order, and

(3) failed to take all reasonable steps to comply.

See e.g., FTC v. Kuykendall, 371 F.3d 745 & Federal Deposit Ins. Corp. v. Sovereign State Capital, Inc., 557 F.2d 683 (9th Cir. 1977)

---

IV. ARGUMENT

A. Defendants Substantially Complied with the Court's Order

Judgment Debtors shared their discovery responses no later than July 17, 2025, which satisfies the Court's order. There has been substantial compliance, and any perceived deficiency is minimal or based on the debtors' inability to provide the materials requested—not willful

defiance.

Debtors provided all documents, then in their possession, by dropbox folder to creditors on June 12, 2025. The Debtors also made written requests for all records described by creditors from numerous financial institutions within a week of the 6/5/25 hearing.

All documents received by debtors from those requests were provided to creditors on or before 7/17/25. At this time judgment debtors have fully complied with the Court's order by providing all documents within and under their control to the creditors and by attending the debtors examination hearings on two separate occasions.

B. No Willful Conduct Exists and Defendants' Financial Inability Precludes a Finding of Contempt - No Contempt Sanction Is Appropriate

Contempt is an extraordinary remedy. Plaintiff has not met its burden to demonstrate clear and convincing evidence of willful noncompliance.

To support a contempt finding, the movant must prove by clear and convincing evidence that the party violated a specific order and had the ability to comply. Federal Deposit Ins. Corp. v. Sovereign State Capital, Inc., 557 F.2d 683, 685 (10th Cir. 1977). A party's present inability to comply with the order is a complete defense to civil contempt. Id.

Debtors respectfully assert that, to the extent any document production was not possible, it was due to a present and verifiable financial inability to obtain, retrieve, or generate such records.

This includes costs associated with technical recovery of digital records, hiring outside services, or accessing third-party archives. Such inability was not the result of defiance or bad faith.

Debtors have made all reasonable and diligent efforts to comply with the Court's orders. Their conduct reflects a genuine attempt to satisfy discovery obligations in full, consistent with their financial capacity.

C. Defendants Acted in Good Faith

Debtors acted promptly, transparently, and in good faith, supplying responses within the timeframe provided and attempting to clarify or supplement where needed. This militates against any contempt sanction.

---

V. CONCLUSION

For the foregoing reasons, Debtors respectfully request that the Court deny Plaintiff's Motion for Contempt in its entirety and grant any such other relief the Court deems just and proper.

Respectfully submitted,

KINNEY AND ASSOCIATES, LLC

By: _____
Brandon G. Kinney, MO No: 57609, KS No 22627
5231 NE Antioch Road, #341
Kansas City, MO 64119
(816) 332-6210
(866) 323-0270 (facsimile)
brandon@bkinneylaw.com
ATTORNEY FOR DEFENDANT

## Certificate of Service

Movant hereby certifies that on the 29TH day of July 2025, efiled or mailed the original of this pleading to the Court Clerk via efiling, email a copy of this pleading to counsel for Plaintiffs: Robert W. Tormohlen, rwtormohlen@lewisricekc.com .

_____