UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NATHAN BARNS, et al.,

    Plaintiffs,

v.

LAWRENCE PAYNE and PATRICIA PAYNE,

    Defendants.

Case No. 22-2433-HLT-BGS

## ORDER REQUIRING SUPPLEMENTAL BRIEFING

The Court has reviewed the briefing on the "motion to hold judgment debtors in contempt of court" (Doc. 165) and finds that it does not have sufficient information to rule on the motion. Plaintiffs initially filed the motion prior to the second Hearing in Aid of Execution that was held on July 17, 2025. In Plaintiffs' motion, they argue that the Defendants (i.e., judgment debtors) have failed to comply with the Court's June 10 order (Doc. 161) to produce documents and request that they be held in contempt. Defendants filed a response in opposition. *See* Doc. 169.

During the July 17 Hearing in Aid of Execution, the Defendants produced additional documents in which they assert was fully responsive to the outstanding discovery requests. *See* Doc. 169. In Defendants' response brief, counsel indicates that "Defendants responded to Plaintiff's discovery requests to the best of their ability and knowledge, and have not withheld documents or information intentionally or negligently." *Id.*, at 2. However, the response contained no affidavits or declarations attesting that the Defendants have diligently searched for all responsive documents or have produced all responsive documents in their possession or control. Further, the Court does not know whether the document production has alleviated Plaintiffs' concerns or whether there remains a dispute. In order to ensure the Court has all the information it needs to rule on the motion, the Court orders supplemental briefing as follows:

1

1) Plaintiffs shall file a supplemental brief no longer than 5 pages on or before **October 1, 2025**. The supplemental brief shall first address whether the Plaintiffs are still pursuing sanctions against the Defendants or whether they consider the document production complete. In the event, they are still pursing sanctions, then they must identify, with particularity, all deficiencies with the current document production. Any noted deficiencies should be specific enough to allow the Defendants to fully respond to the allegation(s), and if necessary, supplement production.

2) Defendants shall file a response brief no longer than 5 pages on or before **October 22, 2025**. The response brief should, if necessary, address all alleged deficiencies noted in Plaintiffs' supplemental brief. If the Defendants maintain that their production is complete, then their brief should be backed by affidavits and declarations to that effect. If Defendants deem that supplemental production is necessary, then they should provide a date certain of when all remaining documents will be produced.

3) Once supplemental briefing is complete, the parties are directed to confer with each other and provide a joint status update to the Court no later than **October 31, 2025**. The joint status update shall apprise the Court of all remaining issues concerning Defendants' compliance with the June 10 order. After receiving the joint status update, the Court will take appropriate action, such as setting an evidentiary hearing if necessary.

**IT IS SO ORDERED.**

Dated September 11, 2025, at Wichita, Kansas.

/s/ BROOKS SEVERSON
Brooks G. Severson
United States Magistrate Judge